# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER NIOSI, individually, and on behalf of all others similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>Eisner Advisory Group, LLC,<br><br>                    Defendant. | Case No. 0:25-CV-01409 |
| ANDREW MARSTON, individually, and on behalf of all others similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>Eisner Advisory Group, LLC,<br><br>                    Defendant. | Case No. 0:25-CV-01568 |
| ROBERT CRIST and REBECCA L. LEMMONS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>EisnerAmper LLP *et al*.,<br><br>                    Defendants. | Case No. 0:25-cv-01573 |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERM CO-LEAD COUNSEL AND LIAISON COUNSEL

Please take notice that Plaintiffs Christopher Niosi, Andrew Marston, Robert Crist, and Rebecca L. Lemmons (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move the Court under Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating these cases (hereinafter, the "Related Actions") captioned above into a single consolidated action for pre-trial purposes and setting scheduling deadlines. Plaintiffs' counsel communicated with counsel for Eisner Advisory Group ("Defendant" or "Eisner") who represented that although Eisner does not agree with Plaintiffs' characterization of the factual allegations, Eisner does not oppose consolidation. Plaintiffs further move under Rule 23(g) of the Federal Rules of Civil Procedure for the Court to appoint Philip Krzeski (Chestnut Cambronne, PLLC), Carl V. Malmstrom (Wolf Haldenstein Adler Freeman & Herz, LLC), and Marc H. Edelson (Edelson Lechtzin LLP) as Co-Lead Class Counsel and for the appointment of David A. Goodwin (Gustafson Gluek, PLLC) as Liaison Counsel for the consolidated action.

The Related Actions are: *Christopher Niosi v. Eisner Advisory Group, LLC*, No. 25-cv-01409; *Andrew Marston v. Eisner Advisory Group, LLC*, No. 25-cv-01568; and *Robert Crist and Rebecca L Lemmons v. EisnerAmper LLP and Eisner Advisory Group, LLC*, No. 25-cv-01573. The Related Actions bring common claims arising from the same Data Breach against the same Defendant, Eisner Advisory Group. Plaintiffs in the Related Actions each allege that Defendant allowed a foreseeable and preventable Data

Breach to occur and thus failed to protect the Personally Identifiable Information ("PII") entrusted to them by Plaintiffs and putative class members. Plaintiffs seek similar damages and equitable relief arising out of the alleged Data Breach. Plaintiffs therefore respectfully request that this Court consolidate the Related Actions under the new title "*In re Eisner Advisory Group Data Breach Litigation*"; as well as any subsequently filed or transferred related actions, for pretrial purposed pursuant to Rule 42(a).

## FACTUAL BACKGROUND

Defendant Eisner Advisory Group, part of global business consulting firm EisnerAmper, is a business providing accounting, tax, and advisory services across a wide range of industries. Plaintiffs and Class Members are Defendant's current and former clients. During their relationship, clients, including Plaintiffs and Class Members, provided Defendant either directly or through a representative with sensitive PII including, but not limited to, names, dates of birth, addresses, Social Security numbers, health insurance information, and medical information. Plaintiffs and Class Members allege that they relied on Defendant's promises to keep their PII confidential and securely maintained. However, on information and belief, approximately 84,795 individuals had their PII compromised in Defendant's Data Beach occurring between September 4, 2023, and September 9, 2023. Defendant sent out Data Breach Notice Letters to impacted individuals approximately nineteen months later, on or around April 8, 2025.

Plaintiffs Christopher Niosi, Andrew Marston, Robert Crist, and Rebecca L. Lemmons are current or former clients of Defendant, either directly or through their employers or tax specialists. Plaintiffs each received a Notice Letter and have filed class

action complaints in the United States District Court for the District of Minnesota seeking to represent a class of individuals whose PII was wrongfully and negligently disclosed by Defendant in the Data Breach. Plaintiffs brought claims directly related to the Data Breach including claims for common law negligence, negligence *per se*, unjust enrichment, invasion of privacy, breach of implied contract, and breach of third-party beneficiary contract. It is anticipated that the parties will file a consolidated amended complaint following this motion. Plaintiffs collectively agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) as the Related Actions involve common questions of law and fact insofar as they all name Defendant, arise from the same Data Breach event, and assert overlapping claims and putative classes. Plaintiffs believe that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, mitigate litigation costs, and promote judicial efficiency.

Additionally, prior to and since filing the Related Cases, Proposed Interim Class Counsel have taken proactive steps to investigate the Data Breach, including, but not limited to, speaking with numerous class members, preparing pleadings, coordinating with other attorneys, and researching the factual claims and causes of action. In the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Philip Krzeski (Chestnut Cambronne, PLLC), Carl V. Malmstrom (Wolf Haldenstein Adler Freeman & Herz, LLC), and Marc H. Edelson (Edelson Lechtzin LLP) as Co-Lead Class Counsel and appoint David A. Goodwin (Gustafson Gluek, PLLC), as Liaison Counsel pursuant to Federal Rules of Civil Procedure 23(g)(3).

# ARGUMENT

## I. CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for its itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Under Federal Rule 42(a), this Court has considerable discretion to consolidate actions involving common questions of law or fact. *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998). "The purpose of consolidation is to encourage convenience and economy of administration of cases and avoid unnecessary cost or delay." *Fratzke v. IC System, Inc.*, Nos. 05-1115, 06-232, 2007 WL 1114155, at *2 (D. Minn. Apr. 13, 2007). In considering a motion to consolidate, the Court should weigh:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources of common factual and legal issues, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill*, 181 F.R.D at 405. Stated differently, consolidation is appropriate for actions that "involve[] common parties, overlapping legal issues, and related factual scenarios, and [when] the consolidation itself d[oes] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block Inc.*, 580 F.3d 755, 768 (8th Cir. 2009).

Here, consolidation of these cases will achieve the goals of saving judicial resources and expenses while avoiding duplicative efforts. In each case, the legal and factual issues substantially overlap, and the actions against the same Defendant require proof of the same basic set of facts to support the cause of actions. Specifically, the Related Actions focus on whether Defendant had a duty to protect Plaintiffs' and putative class members PII and is liable to consumers for its failure to adequately do so. Similarly, each case involves allegations related to the Data Breach of Defendant's computer systems and the class each Plaintiff seeks to represent is the same: individuals who were impacted by the Data Breach. Discovery is likely to be identical, as is the need to address defenses and future class certification procedures. *See Fratzke*, 2007 WL 1114155 at *3 (finding consolidation to be appropriate when, in part, many of the same witness would be called to testify as to same or similar facts at a trial). Consolidation of these cases will not result in delay nor otherwise cause prejudice but instead will increase convenience and efficiency as these cases are at the same infancy stage of the proceedings. In sum, all parties are best served by having one judge, one action, and one forum for resolution.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully request the Court order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated into this action. *See Morgan*

*v. EssilorLuxottica S.A.*, 23-CV-3822 (KMM/JFD), 2024 WL 964221, at *1 (D. Minn. Mar. 6, 2024) ("Any additional cases that may be filed in the District of Minnesota and that arise out of conduct similar to that alleged in the above-titled actions shall be consolidated with the Lead Case.").

## II.    THE COURT SHOULD APPOINT INTERIM LEAD CLASS COUNSEL AND LIAISON COUNSEL

The Court also has discretion to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (*cited in Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *accord Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Designating lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment).

Determining the appointment of lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe*, 2020 WL 835174, at *2 (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests

of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

As explained below, counsel from Chestnut Cambronne, Wolf Haldenstein Adler Freeman & Herz, LLP, Edelson Lechtzin LLP, and Gustafson Gluek, PLLC have the experience needed to litigate this case on the class's behalf and deliver the relief it secures for them.

### A. Proposed Interim Lead Counsel and Proposed Liaison Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date.

Immediately after the public announcement of Defendant's Data Breach, Proposed Counsel began investigating potential legal claims and researching remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Investigating Defendant's corporate structure;

- Investigating Defendant's clients;

- Interviewing numerous consumers injured by the Data Breach;

- Researching legal claims;

- Drafting initial pleadings; and

- Organizing Plaintiffs and counsel and consolidating the relevant action for unified proceedings, *i.e.*, via the Motion for Consolidation.

The facts surrounding this Data Breach as Plaintiffs understand them—and as they have alleged in their Complaints—are egregious in terms of the information exposed and scope of victims affected. Accordingly, Proposed Counsel worked to quickly organize. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Proposed Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the best interests of the class.

### B. Proposed Counsel Possess the Necessary Experience and Skill to Prosecute This Action.

As set forth below, Proposed Counsel's resumes include extensive experience leading or helping to lead complex data-breach and privacy class actions, including many of the major data breach cases in the United States. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for

Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Plaintiffs propose that the Court designate Philip Krzeski (Chestnut Cambronne, PLLC), Carl V. Malmstrom (Wolf Haldenstein Adler Freeman & Herz, LLC), and Marc H. Edelson (Edelson Lechtzin LLP) as Co-Lead Class Counsel and appoint of David A. Goodwin (Gustafson Gluek, PLLC), as Liaison Counsel. As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### 1. Philip J. Krzeski , Chestnut Cambronne, PA

Philip J. Krzeski, of Chestnut Cambronne PA, has litigated numerous complex Rule 23 class actions across the country in the data breach context. Mr. Krzeski has experience in all phases of litigation and has played a significant role in the following data breach cases: *Skillings v. Access Sports Medicine and Orthopaedics, PLLC*, No. 218-2024-cv-01086 (Rockingham County, New Hampshire) (appointed lead counsel in 80,000 person breach case); *In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.*, No. 2023-cv-03043 (S.D. Ohio) (appointed lead counsel); *In re Cinfed Data Breach Litigation*, No. 23-cv-00776 (S.D. Ohio) (same); *Brim v. Prestige Care, Inc.*, No. 3:24- cv-05133-BHS (same)); *Kobor v. Skidmore College*, No. 1:23-cv-01392

(N.D.N.Y.) (same); *In re: Precision Imagining,* No. 16-2023-CA-00931 (Duval County, Florida) (same); *In re: Mount Desert Island Hospital Data Security Incident Litig.*, No. 2023-00070 (Maine Business and Consumer Court) (same); *In re Wasserstrom Holdings, Inc. Data Breach Litigation*, No. 3:23-cv-2424 (S.D. Ohio) (same); *Anderson v. Clearwater Credit Union*, No. DV-32-2023-0000761(4th Judicial District Court – Missoula County) (same); *Hernandez, et al., v. Advance America*, No. 7:23-cv-04256 (D.S.C.) (appointed to Executive Committed); *Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-cv-0220-LY (W.D. Tex.) (same).

Mr. Krzeski also has substantial experience litigating data breach cases in the following cases: *In Re: Change Healthcare, Inc. Data Security Breach Litigation*, No. 24-md-03108 (D. Minn.); *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.); *In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.); *In re ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *Clauson v. Arrowhead Regional Computing Consortium*, Case No. 24-cv-131 (D. Minn.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.); *In re Orthoalaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska); *In re DISH Network Data Breach Security Litigation*, Case No. 1:23-cv-01168 (D.Col.); *In re Whitworth Data Breach Security Litigation*, Case No. 2:23-cv-00179-SAB (E.D. Wash.); *Rasmussen, et*

*al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533 (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litigation*, Case No. 12-cv-24-169 (Chippewa County, Minnesota); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023cv0313 (Tift County, Georgia); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.). In litigating these cases, Mr. Krzeski has performed substantial work in briefing, oral argument, discovery, mediation, and settlement approval.

Outside of the data breach context, Mr. Krzeski has an active nationwide wage and hour and class action practice. He has served as lead counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Branning v. Romeo's Pizza, Inc.*, 594 F. Supp.3d 927, 934 (N.D. Ohio 2022) (obtaining Rule 23 class certification). He directly contributed to several "landmark" wage and hour decisions in the minimum wage employee context. *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Mar. 26, 2019) (prevailing on summary judgment on precise interpretation of law in the minimum wage kick-back context); *see also Clark v. Pizza Baker, Inc., et al.*, No. 2:18-cv-157, 2019 WL 4601930 (S.D. Ohio Sept. 23, 2019) (overcoming Domino's Pizza corporate entities' motion to dismiss on joint employer).

Mr. Krzeski's work has led to the resolution of over a dozen seven-figure

settlements. For his work, he was selected as one of the youngest attorneys to be included in Ohio SuperLawyers, Rising Star List for class actions for 2020, 2021, and 2022 and the Minnesota SuperLawyers Rising Star List for 2024. Further details regarding Mr. Krzeski and Chestnut Cambronne, P.A. can be found in the Chestnut Cambronne firm resume, attached hereto as Exhibit 1.

### 2. Carl V. Malmstrom

Carl V. Malmstrom is Of Counsel and heads Wolf Haldenstein's Chicago office. He has litigated class actions for more than 17 years, and he is admitted in Illinois, Minnesota, the United States Court of Appeals for the Seventh Circuit, and the United States District Courts for the Northern, Central, and Southern Districts of Illinois, the District of Colorado; the Northern and Southern Districts of Indiana, the District of Minnesota, the Western District of Michigan, the Eastern District of Missouri, the District of Nebraska, the District of New Mexico; the Western District of New York, and the District of North Dakota.

Mr. Malmstrom recently served as court-appointed Interim Liaison Counsel in *In re Seresto Flea & Tick Collar Marketing, Sales Practices, and Products Liability Litigation,* Case No. 1:21-cv-4447, MDL No. 3009 (N.D. Ill.). He also recently served as Co-Lead Class Counsel in *In re Herff Jones Data Breach Litigation*, Case No. 1:21-cv-1329 (S.D. Ind.), which settled for $4.35 million with no objectors. He is a member of the Plaintiffs' Interim Executive Committee in *In re Shields Health Care Group, Inc. Data Breach Litigation*, Case No. 1:22-cv-10901, D. Mass. and was on the Executive

Leadership Committee in *In re Lincare Holdings, Inc. Data Breach Litigation*, Case No. 8:22-cv-1472 (M.D. Fla.)

He has also represented plaintiffs in numerous other data privacy class actions, including: *In re Experian Data Breach Litigation,* No. 8:15-cv-1592 (C.D. Cal.) (settled)*; Mizrahi v. National Board of Examiners in Optometry, Inc.,* No. 1:16-cv-3146 (D. Md.) (settled)*; Bokelman v. FCH Enterprises*, No. 1:18-cv-209 RJB-RLP (D. Haw.) (settled) (where Judge Bryan noted, "I've been impressed by the quality of the work you've done throughout here, and that is reflected, I think, in the fact that no one has objected to the settlement.")*; Hymes v. Earl Enterprise Holdings, Inc.*, No. 2021-CA-007617-O (9th Jud. Ct. Fla.) (settled)*; Christofferson v. Creation Entertainment, Inc.,* L.A. Super. Ct., Case No. 19STCV11000 (settled)*, In re Hanna Andersson and Salesforce.com Data Breach Litig.,* No. 3:20-cv-00812-EMC (N.D. Cal.) (settled)*, Rossi v. Claire's Stores, Inc.,* No. 1:20-cv-5090 (N.D. Ill.) (settled)*; Riggs v. Kroto, Inc.,* No. 1:20-cv-5822 (N.D. Ill.) (settled)*; Mahida v. Illinois Gastroenterology Group, PLLC,* No. 1:22-cv-02273 (N.D. Ill.) (settled)*; Henke et al. v. Medscan Laboratory, Inc.,* No. 1:22-cv-69 (D.N.D.) (settled); *Chen et al. v. Michigan Avenue Immediate Care, S.C.,* No. 2022-CH-07101 (Cir. Ct. Cook Cty.) (settled); *Doe et al. v. Knox College* (No. 2023-LA-9, Cir. Ct. Knox Cty.) (settled); *.Aniol et al. v. Roosevelt University* (No. 2024-LA-283, Cir. Ct. Will Cty.) (settled); *Roper et al. v. Rise Interactive Media & Analytics, LLC* (No. 1:23-cv-1836, N.D. Ill.) (settled); and *Sheffler v. Activate Healthcare LLC et al.* (No. 1:23-cv-1206, S.D. Ind.) (settled). In *Roper* and *Sheffler,* Mr. Malmstrom served as sole counsel for the classes.

He has also represented plaintiffs in numerous antitrust and consumer protection cases throughout the United States. Most notably serving on the leadership team for the End Payor Plaintiffs in *In re Packaged Seafood Products*, No. 3:15-md-2670, MDL No. 2670 (S.D. Cal.) (settled). He has also represented plaintiffs in *In re Evenflo Co., Inc. Marketing, Sales Practices, and Product Liability Litig.*, MDL No. 2938, No. 1:20-md-2938 (D. Mass.) (settlement pending); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-2542 (S.D.N.Y.) (settled; consumer antitrust class action involving monopolization claims involving Keurig brewers and K-cups); *Kjessler v. Zaappaaz, Inc.*, No. 4:18-cv-430 (S.D. Tex.) (settled; consumer antitrust class action alleging price-fixing in the market for custom wristbands, lanyards and buttons); *In re Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, & Product Liability Litigation*, No. 1:19-md-2903 (W.D.N.Y) (settled; consumer products class action alleging that Fisher-Price Rock 'n Play Sleepers are not suitable for overnight or prolonged sleep); *In re: Broiler Chicken Antitrust Litigation,* No. 1:16-cv-8637 (N.D. Ill.) (ongoing)(consumer antitrust class action alleging massive price-fixing in the chicken industry); *In re Pork Antitrust Litigation,* No. 0:18-cv-1776 (D. Minn.) (ongoing)(consumer antitrust class action alleging massive price-fixing in the pork industry); *Briggs v. Strategic Financial Solutions, LLC,* No. 1:22-cv-3705 (N.D. Ill.) (ongoing; class action alleging fraud in prominent debt relief services company and law firms); and *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, No. 1:19-cv-3924 (N.D. Ill.) (settled) (representing the Fair Oaks Farms Food subclass;

consumer products class action alleging that Fairlife and Fair Oaks Farms Food misrepresented the ethical treatment of their animals to the public).

Mr. Malmstrom has also served as local counsel in nearly 200 class actions throughout Illinois alleging violations of the Illinois Biometric Information Privacy Act, as well as other securities, derivative, and consumer protection cases. Carl V. Malmstrom's experience and knowledge are further demonstrated in the Wolf Haldenstein Adler Freeman & Herz LLC firm resume, attached hereto as Exhibit 2.

### 3. Marc H. Edelson

Marc Edelson is a founding partner of Edelson Lechtzin LLP, a national class action law firm based in suburban Philadelphia. The firm represents investors in securities fraud class actions and shareholder derivative litigation, consumers, employees, and businesses in class litigation involving anticompetitive business practices, ERISA retirement plans, unpaid wages & overtime claims, and consumer fraud including data breach litigation.

In the area of consumer fraud, Mr. Edelson is actively engaged in protecting the rights of consumers in a variety of matters including a strong focus on data breach litigation. Current cases include: In re: Harvard Pilgrim Data Security Incident Litigation, No. 23-cv-11211 (D. Mass.), Gutierrez v. Independent Living Systems, LLC, No. 23-cv 21221 (S.D. Fl.), Maria Gregory, et al. v. Johns Hopkins University et al., No. 23-cv-01854 (D. Md.), Humphries, et al. v. Apria Healthcare, LLC, No. 23-cv-01147 (S.D. Ind.), Nelson et al. v. Connexin Software, Inc., No. 27-cv-04676 (E.D. Pa.) (member of

the Executive Committee), Renaldo Ellis et al. v. Pension Benefit Information, LLC et al., No. 0:23-cv-02139 (D. Minn.), Verderame v. Futurity First Insurance Group, LLC., No. 3:24-cv-01262,(D. Conn.), Starling v. Evolve Bank & Trust, No. 4:24-cv-00549 (E.D. Ark.), Vines, et al. v. Financial Business & Consumer Solutions, Inc., No. 2:24-cv-02085 (E.D. Pa.), Signorino v. Affiliated Dermatologists, Civil Case No. MRS-L-001106-24 (N.J. Super. Ct. Law Div.)(Co-Lead Counsel), In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation, No. 2:24-cv-00146 (D. Me.), Forstrom et al. v. Consulting Radiologists, Ltd., No. 0:24-cv-02604 (D. Minn.), Arons v. Continuum Health Alliance, LLC, No. 1:24-cv-07013 (D. N.J.)(member of the Executive Committee), Wilson et al. v. Frontier Communications Parent, Inc., No. 3:24-cv-01497 (N.D. Tex.)(Member of the Executive Committee), Flynn et al. v. Eastern Radiologists, Inc., Master File No. 24-cvs-772 (N.C. Super. Ct.), Krause v. City of Hope, No. 2:24-cv-02894 (C.D. Cal.), In Re Greylock McKinnon Associates Data Security Incident Litigation, No. 1:24-cv-10797 (D. Me.), Feathers v. On Q Financial, LLC, No. 2:24-cv-00811 (D. Ariz.)(Co-Lead Counsel), Daroya Isaiah v. Loan Depot, Inc., No. 8:24-cv-00136 (C.D. Cal.), Stewart v. Ann & Robert H. Lurie Children's Hospital, No. 2024CH06201 (Ill. Super. Ct., Cook County), Halvorson v. MNGI Digestive Health, P.A., No. 0:24-cv-02851 (D. Minn.), and Gales v. Ohio Lottery Commission, Case No. 2024-00434JD (Ohio Ct. of Claims.) (Co-Lead Counsel).

Further details about Edelson Lechtzin LLP's class action group are included in the firm resume submitted herewith as Exhibit 3.

**C. Proposed Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class.**

A court appointing interim class counsel must consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Proposed Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney is experienced in class action lawsuits and understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class Members. In fact, Proposed Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as counsels' experience indicate, Proposed Counsel have the resources to see this litigation through to its conclusion, including trial.

**D. Other Factors Supporting Designation of Lead Counsel.**

In addition to the above considerations, the Court may consider other factors "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  Here, Plaintiffs' proposed leadership structure has the support of all Plaintiffs and the law firms involved this litigation, which further supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through

their counsel."); *In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394, at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel." (citation omitted)); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Another important consideration in selecting leadership is proposed counsel's ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* From the moment their cases were filed, Proposed Counsel moved quickly to coordinate the proposed leadership structure. Proposed Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible.

Moreover, Plaintiffs' counsel in consolidated litigation must effectively merge to form an alliance against often well-financed opponents. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d ed.), at 43.[1] The potential for disorganization, infighting, and inefficiencies means it is

useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Id.* Proposed Counsel have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Proposed Counsel have extensive experience working with one another across the country in data breach cases. Proposed Counsel are thus well-suited to jointly prosecute this action.

Finally, Proposed Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. While Proposed Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how to best organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

## CONCLUSION

For these reasons, Plaintiffs requests the Court consolidate the Related Actions—Case Nos. 25-cv-01409, 25-cv-01568, and 25-cv-041573—into the first filed action, Case No. 25-cv-01409. Plaintiffs further request that the Court appoint Philip

---

[1] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (last viewed Apr. 21, 2025).

Krzeski (Chestnut Cambronne, PLLC), Carl V. Malmstrom (Wolf Haldenstein Adler Freeman & Herz, LLC), and Marc H. Edelson (Edelson Lechtzin LLP) as Co-Lead Class Counsel and appoint David A. Goodwin (Gustafson Gluek, PLLC) as Liaison Counsel for the consolidated action.

DATED: April 25, 2025                 Respectfully submitted,

 /s/ Carl V. Malmstrom
Carl V. Malmstrom (MN #0391908)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Counsel for Plaintiff Christopher Niosi*

Bryan L. Bleichner (MN #0326689)
Philip J. Krzeski (MN #0403291)
**CHESTNUT CAMBRONNE PLLC**
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff Andrew Marston*

Daniel E. Gustafson (MN Bar #0202241)
David A. Goodwin (MN Bar #0386715)
Joshua J. Rissman (MN Bar #0391500)
Joe E. Nelson (MN Bar #0402378)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
jrissman@gustafsongluek.com
jnelson@gustafsongluek.com

Marc H. Edelson (*pro hac vice forthcoming*)
Liberato P. Verderame (*pro hac vice forthcoming*)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
Telephone: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Counsel for Plaintiffs Robert Crist and Rebecca L. Lemmons*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2025 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Carl V. Malmstrom*