# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER NIOSI, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Eisner Advisory Group, LLC,<br><br>Defendant. | **Case No.** 0:25-CV-01409 |
| ANDREW MARSTON, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Eisner Advisory Group, LLC,<br><br>Defendant. | **Case No.** 0:25-CV-01568 |
| ROBERT CRIST and REBECCA L. LEMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Eisner Advisory Group, LLC,<br><br>Defendant. | **Case No.** 0:25-cv-01573 |

**[PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**

The Court has reviewed *Plaintiffs' Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel and Liaison Counsel* and accompanying *Memorandum in Support* submitted by Plaintiffs Christopher Niosi, Andrew Marston, Robert Crist, and Rebecca L. Lemmons (the "Motion") as well as the accompanying exhibits, and has determined that consolidation and appointment of interim co-lead class counsel and liaison counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Christopher Niosi v. Eisner Advisory Group, LLC*, No. 25-cv-01409; *Andrew Marston v. Eisner Advisory Group, LLC*, No. 25-cv-01568; and *Robert Crist and Rebecca L Lemmons v. EisnerAmper LLP and Eisner Advisory Group, LLC*, No. 25-cv-01573 under the new title "*In re Eisner Advisory Group Data Breach Litigation*" (each a "Related Action" and together the "Consolidated Action").

2. No further filings shall be made in *Andrew Marston v. Eisner Advisory Group, LLC*, No. 25-cv-01568 and *Robert Crist and Rebecca L Lemmons v. EisnerAmper LLP and Eisner Advisory Group, LLC*, No. 25-cv-01573 which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next forty-five (45) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. Defendant, Eisner Advisory Group, LLC, shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the clerk shall:

    a. Place a copy of this Order in the separate docket for such action;

    b. Serve on plaintiff's counsel in the new case a copy of this Order;

    c. Direct this Order to be served upon any additional defendant(s) in the new case; and

    d. Make the appropriate entry on the Master Docket.

5. The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6. Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendant shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendant's response is a motion to dismiss, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendant shall have twenty-one (21) days to file a reply brief.

**IT IS FURTHER ORDERED** that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule

23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, Philip J. Krzeski of Chestnut Cambronne PA, ), Carl V. Malmstrom (Wolf Haldenstein Adler Freeman & Herz, LLC), and Marc H. Edelson (Edelson Lechtzin LLP) are appointed as Co-Lead Class Counsel and David A. Goodwin of Gustafson Gluek, PLLC is appointed Liaison Counsel for the Consolidated Action.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Co-Lead Interim Counsel and Liaison Counsel.

**IT IS FURTHER ORDERED** that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**SO ORDERED.**

Dated: _____, 2025          _____