**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

IN RE EISNER ADVISORY GROUP
DATA BREACH LITIGATION

Case No. 25-cv-01409 (LMP/DTS)

**PRELIMINARY APPROVAL ORDER**

On May 13, 2026, Plaintiffs filed an unopposed Motion for Preliminary Approval of a Class Settlement between themselves and Defendant Eisner Advisory Group LLC ("Eisner"). ECF No. 61. The Motion is accompanied by a copy of the executed settlement agreement, ECF No. 62-2 at 1–46, claim submission forms, *id.* at 48–54, and notice forms, *id.* at 56–66. The underlying class action involves a data breach experienced by Eisner in September 2023 (the "Data Incident") that affected more than 85,000 individuals. *See* ECF No. 55 ¶¶ 1–2.

Having fully considered the issues presented by Plaintiffs' motion, the Court hereby **GRANTS** the motion, enters a Preliminary Approval Order, and **ORDERS** as follows:

1. **Jurisdiction**. The Court has subject-matter jurisdiction and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1332(d).

2. **Class Certification for Settlement Purposes Only**. The following Settlement Class is provisionally certified for purposes of settlement only:

All persons who were affected by the Data Incident, including but not limited to those who were sent a notice letter by Eisner concerning the Data Incident discovered in September of 2023.

The Court also provisionally certifies the following California Subclass:

Members of the Settlement Class, as previously defined, within California.

Excluded from the Settlement Class are:

(i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Action; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge.

The Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a). Specifically, the Court finds for settlement purposes only that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The Court further finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

2

3.      **Settlement Class Representatives.**  The Court grants Plaintiffs' request to name Christopher Niosi, Andrew Marston, Robert Crist, Rebecca L. Lemmons, David Fallen, Chris Ouellette, Hannah Watzka, and Timothy Rushing as the Settlement Class Representatives.

4.      **Settlement Class Counsel.**  Raina Borrelli of Strauss Borrelli PLLC, Philip J. Krzeski of Chestnut Cambronne PA, David Goodwin of Gustafson Gluek PLLC, and William B. Federman of Federman & Sherwood are designated as Settlement Class Counsel pursuant to Rule 23(g).

5.      **Preliminary Settlement Approval.**  Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and, accordingly, is preliminarily approved.  In making this determination, the Court has considered the relative merits of the parties' positions; the costs, risks, and delay associated with continued litigation; the good-faith, arm's-length negotiations between experienced counsel; the effectiveness of providing relief to the class; the equitable treatment of the Settlement Class members under the Settlement Agreement; and all other factors required by statute, rule, and case law.

6.      **Final Approval Hearing.**  A Final Approval Hearing shall be held on October 13, 2026, at 2:00 p.m. CDT in Courtroom 3A, Warren E. Burger Federal Building and U.S. Courthouse, 316 Robert Street N., St. Paul, MN 55101, where the Court will determine, among other things, whether: (1) the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (2) the proposed plan

of allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (3) the motion by Class Counsel for an award of attorneys' fees, reimbursement of expenses, and awards to Class Representatives should be approved; (4) a judgment should be entered dismissing this action with prejudice against Eisner; and (5) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

Class Counsel must file their Motion for Final Approval of the Settlement no later than September 29, 2026. Class Counsel shall file and serve opening papers in support of Class Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and awards to Class Representatives no later than September 8, 2026; and reply papers, if any, shall be filed and served no later than October 2, 2026.

7.     **Settlement Administrator.**  Class Counsel are hereby authorized to retain Verita Global, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of claims. The Claims Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Settlement Fund, as provided in the Settlement.

8.     **Notice Deadlines.**  The proposed notice program set forth in the Settlement Agreement is hereby approved.  Not later than September 29, 2026, Eisner shall provide the Claims Administrator with the Settlement Class List, meaning all individuals who were affected by the Data Incident, including those who were sent a notice letter by Eisner concerning the Data Incident discovered in September of 2023.  Not later than July 13,

2026, the Claims Administrator shall mail or email a copy of the Short Notice and the Claim Form (ECF No. 62-2 at 65–66) to potential Settlement Class members at the addresses provided by Eisner. On the same day, the Claims Administrator shall post the Claim Form and Long Notice (ECF No. 62-2 at 48–63) in a downloadable form on a website to be developed for the Settlement. The date and time of the Settlement Hearing shall be included in both the Short and Long Notices before they are mailed and published.

9. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and the Short and Long Notices: (1) constitute the best practicable notice to the Settlement Class; (2) are reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of this action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class members and other persons entitled to receive notice; and (4) meet all applicable requirements of law, including Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

10. **CAFA Notice.** Under 28 U.S.C. § 1715(d), the Court may not give final approval of the settlement until 90 days after relevant federal and state officials are notified of the proposed settlement. Eisner has not provided evidence that it has provided the necessary notice. As a result, no later than June 25, 2026, Eisner shall file proof that notice was provided to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715.

**11.     Settlement Participation.**   Settlement Class members who wish to be eligible to receive a distribution from the Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted online to the Claims Administrator no later than Octboer 9, 2026.  If the Settlement is finally approved, all Settlement Class members that fail to submit a claim in accordance with the Notices and Claim Forms shall be barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and any Final Approval Order and Judgment.

Any member of the Settlement Class who wishes to be excluded from the Settlement Class must request exclusion in writing by September 9, 2026.  The exclusion request must be sent to the Claims Administrator.  The written notification must include (1) the name of this litigation (*In re Eisner Advisory Group Data Breach Litigation*, Case No. 25-cv-1409 (LMP/DTS) (D. Minn.)); (2) the full name, address, and telephone number of the Settlement Class member; (3) the name, address, email address, telephone number, position, and signature of any individual who is acting on behalf of the Settlement Class member; and (4) the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.  Any person who timely and validly requests exclusion and is excluded from the Settlement Class shall not be a Settlement Class member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12.     **Objections.**  Any Settlement Class member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, Class Counsel's request for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards to Class Representatives.

An objection must be electronically filed with the Court or mailed to the Clerk of Court, Class Counsel, and Eisner's Counsel by September 9, 2026.  In addition, the objection must include:

a.     The name of the Litigation (*In re Eisner Advisory Group Data Breach Litigation* Case No. 25-cv-1409 (LMP/DTS) (D. Minn.));

b.     The objector's full name, address, telephone number, and e-mail address (if any);

c.     Information identifying the objector as a Settlement Class member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of notice, copy of original notice of the Data Incident);

d.     A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

e.     A statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

f.     The identity of any and all counsel representing the objector in connection with the objection;

g.     A statement as to whether the objector and/or their counsel will appear at the Final Hearing;

      h.       A list of all settlements to which the objector and/or their counsel have objected in the preceding three years; and

      i.       The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

Any Settlement Class member who objects must be available to be deposed regarding the grounds for any objection and must provide, along with the objection, the dates when the objector will be available to be deposed from the time the objection is filed through October 8, 2026. The Claims Administrator shall provide the parties with copies of all opt-out notifications upon receipt, and a final list of all that have validly excluded themselves from the Settlement Class, which Class Counsel may move to file under seal with the Court no later than October 2, 2026.

An objector may file a response to Class Counsel's opening papers in support of the settlement, Class Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and awards to Class Representatives, no later than September 22, 2026, and Class Counsel must file responses to any objections and a reply in support of their motions by October 2, 2026.

Any Settlement Class member who does not make their objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the proposed Settlement and Class Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and awards to Class Representatives. Any Settlement Class

member who both objects to the Settlement and opts out will be deemed to have opted out, and the objection shall be deemed invalid.

13. **Termination of Settlement.** If the Settlement is terminated, not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and shall be of no further force and effect. Plaintiffs and Eisner shall revert to their respective positions in this action. This Order shall be without prejudice to the rights of Plaintiffs, Settlement Class members, and Eisner.

14. **Continuance or Adjournment of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further notice to Settlement Class members. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to Settlement Class members.

15. **Stay of Proceedings and Injunction.** The Court stays all proceedings in this action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the released Plaintiffs' claims against each and all of the parties released by the Settlement Agreement.

16. **Summary of Deadlines.**

For clarity, the Court orders the following schedule of dates for further proceedings:

| Event | Deadline |
|---|---|
| Deadline for Eisner To Provide Data to Claims Administrator | June 25, 2026 |
| Deadline for Eisner To File Proof of CAFA Notice | June 25, 2026 |
| Deadline for Claims Administrator To Provide Notice to Class Members (By Mailing and Posting to Webpage) | July 10, 2026 |
| Deadline for Settlement Class Members To File Objections | September 9, 2026 |
| Deadline for Settlement Class Members To Opt Out | September 9, 2026 |
| Deadline for Settlement Class Members To Submit Claims | October 9, 2026 |
| Deadline for Class Counsel To File Motion for Attorneys' Fees and Class Representative Awards | September 8, 2026 |
| Deadline for Objectors To Respond to Motion for Approval of Attorneys' Fees, Costs, Expenses, and Service Awards | September 22, 2026 |
| Deadline for Class Counsel To File Motion for Final Approval | September 29, 2026 |
| Deadline for Class Counsel To File Replies in Support of Motions | October 2, 2026 |
| Deadline for Class Counsel To File Opt Outs Under Seal | October 2, 2026 |
| Deadline for Objectors To Respond to Motion for Final Approval | October 8, 2026 |
| Final Approval Hearing | October 13, 2026, at 2:00 p.m. CDT |

Dated: June 11, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

10